A02A2129. WEATHERS v. CITY OF HINESVILLE.
(578 SE2d 477)

MILLER, Judge.

Valerie Weathers appeals from the trial court's order awarding attorney fees and expenses to her former attorney, Joyce Griggs. On appeal Weathers contends that the trial court erred in granting Griggs attorney fees that Weathers argues Griggs was not entitled to receive. Since the trial court based its award of attorney fees on a settlement amount that included funds to which her client, Weathers, was not entitled (and therefore attorney fees to which the attorney was not entitled), we vacate the trial court's order to the extent that it awarded fees to Griggs in an amount greater than the true amount she was entitled to be paid for her services.

The record reveals that Weathers and her ex-husband's son drowned in a water-filled pit owned by the City of Hinesville. Weathers hired Griggs to pursue a wrongful death action against the City of Hinesville. Weathers informed her ex-husband about the hiring of Griggs, and the ex-husband indicated that he did not want to be represented by Griggs. Griggs notified the City of Hinesville of Weathers's intent to pursue a wrongful death action against the city for the death of her son. It was Griggs's initial understanding that the wrongful death lawsuit would be filed on behalf of both parents.

The fee agreement signed by Weathers stated that Griggs was entitled to "40% OF GROSS PROCEEDS RECOVERED if [a] suit [was] filed." Griggs filed a wrongful death lawsuit on behalf of Weathers on April 5, 2000.

Several months after Weathers's ex-husband had learned about his ex-wife hiring Griggs to handle the wrongful death claim (but two months before Griggs filed the lawsuit), the ex-husband hired his own attorney to represent his interests in any wrongful death action relating to his son. Griggs, in the meantime, continued to negotiate with the City of Hinesville's insurance carrier in an attempt to reach a settlement that would be conclusive as to both parents. The ex-husband's attorney informed Griggs that he was representing the ex-husband, but the attorney did not file any motion to intervene in the wrongful death action filed by Griggs.

Without the involvement of the ex-husband, Griggs negotiated a potential settlement with the City of Hinesville for $200,000. The ex-husband's attorney learned of this potential settlement and, before any settlement was finalized, informed the City of Hinesville that he, not Griggs, represented the ex-husband, who wished to make his own demand with regard to settlement.

Weathers, her ex-husband, and the City of Hinesville agreed to mediate the entire matter, and the mediation was scheduled for November 27, 2000. Prior to the mediation, however, Griggs filed a motion requesting that the trial court apportion any amount paid in settlement so that Weathers could potentially receive more money than her ex-husband in any settlement.

As a result of the mediation, the City of Hinesville agreed to pay $325,000 in settlement of any claims by the parents relating to the death of their son. However, there was no hearing nor any order issued by the trial court regarding apportionment of the settlement funds between the parents. Soon after the mediation, Weathers fired Griggs as her attorney (citing among other reasons her belief that Griggs was not entitled to all of the fees that she was demanding) and then sought the assistance of her ex-husband's attorney to resolve the issue of Griggs's attorney fees.

Griggs filed a motion for the payment of her attorney fees and expenses out of the settlement proceeds. The trial court eventually granted the motion, reasoning that, prior to the involvement of the ex-husband's attorney, "Griggs procured an offer of settlement from Defendant's representatives in the amount of $200,000, and by her retainer agreement with [Weathers was] entitled to attorney's fees in the amount of $80,000" (i.e., 40 percent of $200,000). The trial court further concluded that the additional work from both Griggs and the ex-husband's attorney to increase the settlement amount to $325,000 generated an additional $50,000 in attorney fees that would be divided equally between Griggs and the ex-husband's attorney. Weathers appeals from this order.

Despite the several arguments and personal attacks between the attorneys in their briefs, the dispositive issue here is whether the trial court's order erroneously allowed Griggs to recover attorney fees from both Weathers *and* her ex-husband, and not just her client, Weathers. We find that the order did have such an effect.

To resolve this issue on appeal, we must first look to OCGA § 19-7-1, which governs, among other things, the rights of divorced parents to recover wrongful death damages for the loss of a child. Subsection (c) (2) (C) of the statute states:

If both parents are living but are divorced, separated, or living apart, the right [of recovery for the death of the child]

shall be in both parents. However, if the parents are divorced, separated, or living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection. Unless a motion is filed as provided in paragraph (6) of this subsection, such a judgment shall be divided equally between the parents by the judgment; and the share of an absent parent shall be held for such time, on such terms, and with such direction for payment if the absent parent is not found as the judgment directs. Payment of a judgment awarded to the parent or parents having the cause of action under this subparagraph or the execution of a release by a parent or parents having a cause of action under this subparagraph shall constitute a full and complete discharge of the judgment debtor or releasee. If, after two years from the date of any recovery, the share of an absent parent has not been paid to the absent parent, the other parent can petition the court for the funds, and the recovery, under appropriate court order, shall be paid over to the parent who initiated the recovery.

The statute dictates that both Weathers and her ex-husband equally shared a right of recovery in their deceased son. To the extent that the ex-husband initially refused to participate in the proceedings when he learned that Weathers had retained Griggs to represent her, Weathers could have brought the wrongful death cause of action on behalf of both parents. See id. However, it is clear that Griggs was no longer acting on behalf of both parents once the ex-husband obtained his own counsel (prior to suit) and participated in the mediation. Therefore, any overall recovery obtained in the mediation by Griggs could only have been on behalf of her own client, Weathers.

The record does not indicate that Weathers and her ex-husband agreed that either one of them would receive more money than the other as part of the settlement. To the contrary, Weathers wanted the settlement proceeds to be divided equally between them. Moreover, the record does not indicate that any hearing ever took place regarding Griggs's motion to apportion the settlement proceeds, nor was any order issued by the trial court specifically addressing the issue of apportionment based on the relevant statutory factors to be considered. See OCGA § 19-7-1 (c) (6). Accordingly, pursuant to OCGA § 19-

7-1 (c) (2) (C), the recovery "shall be divided equally between the parents." Weathers was entitled to $162,500 as her share of the settlement proceeds (i.e., one-half of $325,000), and this is the amount upon which the trial court should have based its attorney fees award to Weathers's attorney.

Since the trial court based its attorney fees award on the $200,000 offer that Griggs had negotiated with the City of Hinesville prior to the involvement of the ex-husband's attorney, the award was made in error. The $200,000 offer was irrelevant as no *final* settlement was reached until the City of Hinesville agreed to pay $325,000 as a settlement of all claims with respect to the deceased son. As each parent was represented by independent counsel, and Griggs was only entitled to recover her fees based on the overall settlement proceeds that she was able to procure for *her* client, her attorney fees award should have only been $65,000 (i.e., 40 percent of $162,500). We therefore vacate the trial court's order to the extent that it awards attorney fees to Griggs in an amount greater than $65,000 and remand this case for the entry of an order consistent with this opinion.

*Judgment vacated and case remanded with direction. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003 —
RECONSIDERATION DENIED FEBRUARY 27, 2003 —

*Mozley, Finlayson & Loggins, Edward C. Bresee*, for appellant.
*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick*, for appellee.
*Joyce M. Griggs*, pro se.